

NUMBER 13-13-00445-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF CORPUS CHRISTI,                                          Appellant,

v.

SCORPIO DEVELOPMENT, LLC.,                                       Appellee.

### On appeal from the County Court at Law No. 2 of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes**
**Memorandum Opinion by Justice Garza**

In this inverse condemnation case, appellant, the City of Corpus Christi ("the City"), challenges the trial court's order denying its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.). Appellee, Scorpio Development, L.L.C. ("Scorpio"), contends that the City waived its immunity from suit by taking Scorpio's property for public use without adequate compensation. *See* TEX.

CONST. art. I, § 17. By a single issue, the City contends that it retains its immunity because Scorpio consented to the alleged taking by dedicating the property at issue to the City. We affirm.

## I. BACKGROUND

In 2006, the City approved a subdivision plat of property owned by Morteza Shafinury and located on the north side of Yorktown Boulevard in Corpus Christi, Texas. The plat showed three lots, including lots four and five, which are at issue in this lawsuit. Lots four and five are each shown on the plat as having a depth of 275 feet and as containing 40,000 square feet. The plat also depicted, outside the southern boundary of the property, dedication of an additional fifty feet of right-of-way on Yorktown Boulevard.

In December 2007, Shafinury sold lots four and five to Scorpio. When the City rejected Scorpio's building permit in March 2008, Scorpio learned that the plat had not been recorded. Shafinury finally recorded the plat on April 1, 2008. Shafinury gave deposition testimony that he had Scorpio's authorization through its president, Massoud Rad, to record the plat. Rad also gave deposition testimony that he authorized Shafinury to record the plat and that the unrecorded plat that he was shown when Scorpio purchased the property reflected the fifty-foot dedication of right-of-way.

Scorpio's petition alleged that around June 2010, the City took, without compensation, over thirty feet of Scorpio's property fronting on Yorktown Boulevard as part the City's widening of Yorktown Boulevard. Scorpio's pleadings alleged that the City waived its immunity by taking Scorpio's property without adequate compensation in violation of article 1, section 17 of the Texas Constitution. *See id.* In its plea to the jurisdiction, the City argued that it has not waived its immunity because Scorpio consented to the alleged takings when it dedicated (through Shafinury) the fifty-foot right-

2

of-way. As evidence, the City attached to its plea to the jurisdiction, among other things, Shafinury's deposition testimony that Yorktown Road is located within the fifty-foot right-of-way.

In its response to the City's plea, Scorpio argued that: (1) Shafinury could not have dedicated any portion of lots four and five when he recorded the plat in April 2008 because he no longer owned the property; and (2) Shafinury was not authorized to dedicate any portion of lots four and five. Scorpio attached to its response excerpts from Shafinury's deposition testimony, in which he stated that: (1) the fifty-foot dedicated right-of-way shown on the plat is not within lots four and five; and (2) after the City widened Yorktown Boulevard, lots four and five lost approximately thirty feet in depth. Scorpio also attached Rad's affidavit, in which he stated that in June 2010, the City took a thirty-foot strip out of lots four and five fronting on Yorktown Boulevard.[1]

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction challenges the court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). On appeal, we review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction can make two types of challenges: to the pleadings or to the existence of jurisdictional facts. *See id.* at 226–28 (Tex. 2004).

When a plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's

---

[1] We note that Shafinury's deposition testimony refers to "Exhibit 8," described as a "depiction of the location of the widened right-of-way for Yorktown Boulevard in comparison to both the property as planned, which is overlaid, and the property as constructed, which is an aerial photograph underlay[.]" "Exhibit 8" is not included in the record before us.

3

jurisdiction to hear the cause. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the pleadings neither affirmatively demonstrate nor negate jurisdiction, the plaintiff should be given an opportunity to amend the pleadings. *Id.* at 622.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, as here, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *Id.* (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *City of Waco*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. After the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id.* We do not "weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

The Texas Supreme Court has long recognized that sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for

4

damages, absent legislative consent to sue the State. *Miranda*, 133 S.W.3d at 224. "Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability." *Id.* "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction." *Id.*

The Texas Constitution provides a limited waiver of the government's immunity when property is taken, damaged, or destroyed for public use without adequate compensation. *See* TEX. CONST. art. I, § 17; *MBP Corp. v. Bd. of Trustees of Galveston Wharves*, 297 S.W.3d 483, 488 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In other words, immunity does not protect a governmental entity from a plaintiff's constitutional-takings claim. *MBP Corp.*, 297 S.W.3d at 488–89. Whether the government's action in a particular case is sufficient to constitute a "taking" is a question of law. *Id.* at 489. To prove a constitutional-takings claim, a plaintiff must demonstrate that (1) the government intentionally performed certain acts (2) that resulted in a "taking" of property (3) for public use. *Id.* Consent is an affirmative defense to a landowner's takings claim. *City of Emory v. Lusk*, 278 S.W.3d 77, 85 (Tex. App.—Tyler 2009, no pet.).

### III. DISCUSSION

Here, the City's plea to the jurisdiction challenges the existence of jurisdictional facts, not the sufficiency of Scorpio's pleadings. In its plea, the City disputes the facts underlying Scorpio's inverse condemnation claim. Specifically, the City disputes that it engaged in an intentional act that resulted in the taking of Scorpio's property. The City submitted evidence—in the form of Shafinury's deposition testimony—that the expansion of Yorktown Boulevard lies within the fifty feet of dedicated right-of-way. In response, Scorpio submitted evidence—again, in the form of Shafinury's deposition testimony and

in Rad's affidavit—that after the City widened Yorktown Boulevard, Scorpio's property lost approximately thirty feet in depth.[2]

The evidence before us raises a fact issue as to whether the City's expansion of Yorktown Boulevard occurred within the dedicated fifty-foot right-of-way. This issue will ultimately determine whether Scorpio will succeed on the merits of its claims. Because there is disputed evidence in this case creating fact issues regarding whether the expansion of Yorktown Boulevard occurred within dedicated right-of-way and whether a taking occurred, the fact issues must be resolved by the fact-finder. *See Miranda*, 133 S.W.3d at 227–28.

Taking as true all evidence favorable to the nonmovant, we conclude that there is disputed jurisdictional evidence raising a fact issue as to whether the City engaged in an intentional taking under article 1, invoking subject matter jurisdiction over Scorpio's inverse condemnation claim. *See City of Waco*, 298 S.W.3d at 622. Accordingly, we hold that the trial court did not err in denying the City's plea to the jurisdiction.

## IV. CONCLUSION

We affirm the trial court's judgment and remand for further proceedings.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
13th day of March, 2014.

---

[2] We also note that Shafinury's deposition testimony reflects that there was an "error" on the subdivision plat that Shafinury learned of several months after the plat was complete. The record before us provides no further explanation, and we decline to speculate regarding how any alleged "error" may be related to the parties' dispute.